```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

WILLIE BANKS, ET AL. AND                            CIVIL ACTION
THE UNITED STATES OF AMERICA

V.                                                  NO. 65-16173

ST. JAMES PARISH SCHOOL BOARD                       SECTION "F"
ET AL.
```

                             ORDER AND REASONS

On August 3, 2016, the Court issued an order granting the intervenor, Greater Grace Charter Academy, Inc.'s, motion for authorization to operate a charter school in St. James Parish. The motion was originally set for submission on August 3, 2016; however, on motion of St. James Parish School Board, the Court continued the submission date to August 17, 2016 and extended the deadline to file opposition briefs to August 3, 2016.

On August 2, 2016, Greater Grace filed an emergency motion to expedite consideration of the motion for authorization to operate the charter school. Greater Grace attached a letter from the Louisiana Department of Education dated July 29, 2016, in which the Department advised that if Greater Grace did not obtain authorization from this Court before August 8, 2016, then the school would not receive funding and would not be able to operate in the 2016-17 academic year.

In light of the exigent circumstances, the Court granted Greater Grace's motion to expedite on August 3, 2016. Upon

1

consideration of both Greater Grace's motion and the opposition briefs in the record, the Court granted the motion for authorization to open on August 3, 2016. After the Court granted the motion, St. James Parish School Board and plaintiff Willie Banks, in the evening of August 3, 2016, filed oppositions to the motion. Because the opposition briefs were timely filed, the Court considers them here.

Greater Grace has been approved by the Louisiana Board of Elementary and Secondary Education (BESE) to operate a Type 2 public charter school in St. James Parish. The school will serve students in Kindergarten through 8th grade. As a Type 2 charter school, Greater Grace has no admission restrictions – any student in Louisiana may attend. And as a public school, admission to Greater Grace is free.

Currently, Greater Grace has 171 prospective students who have enrolled for the 2016-17 academic school year. Greater Grace has hired up to 18 employees, including teachers, administrators, and maintenance workers. The school has leased a facility with classrooms, offices, a cafeteria and kitchen; and the landlord has made improvements to convert the building into a public school facility. Greater Grace has contracted to provide free transportation to and from school for all students, as required by law. The final hurdle Greater Grace must overcome to open the school by the August 8 cutoff – four days from now – is this

Court's authorization. At issue is whether Greater Grace has complied with a desegregation order issued by this Court in 1967.[1]

The Department of Justice, the St. James Parish School Board, and private plaintiff, Willie Banks, oppose Greater Grace's motion. The opponents contend that the student body demographics do not comply with this Court's desegregation order issued 50 years ago. That order requires existing schools to take active steps toward desegregation and requires new schools to obtain authority from the Court to ensure compliance before opening.

The opponents submit that, after Greater Grace conducted a non-discriminatory, open enrollment admissions process, 93 percent of the applicants are African American, 5 percent are white, and 3 percent are Hispanic.[2] They contend that, essentially, Greater Grace will be an all-African American school in violation of the desegregation order. Moreover, the opponents claim that authorizing Greater Grace to operate will thwart efforts between the School Board and the Department of Justice to diversify the already-existing public schools in the parish. Currently, three

---

[1] Compliance with a desegregation order is generally analyzed under the factors announced in Green v. County School Board of New Kent County, 391 U.S. 430 (1968). The factors include student assignment, teacher assignment, staff assignment, extracurricular activities, facilities, and transportation; all of which the Court considers throughout this Order and Reasons.

[2] Of the 171 students who are enrolled, 159 are African American, 9 are white, and 3 are Hispanic.

3

public schools in St. James Parish have student bodies comprised of over 90 percent African Americans. The Court is not persuaded by these objections.

Denying Greater Grace's motion would deprive 171 students from attending the school of their choice. Presumably, students enrolled in Greater Grace with hope that it would exceed the alternative educational opportunities. Additionally, the 18 employees ready to start the 2016 academic school year would be without jobs.

Furthermore, the demographics of the entire student body in St. James Parish are roughly 62 percent African American, 35 percent white, and 3 percent other. Greater Grace has shown that it undertook sincere efforts to attract a diverse student body. It advertised the school on billboards, in the newspaper, and on the radio, and conducted outreach meetings in the community. All parties agree that Greater Grace had a non-discriminatory, open-enrollment policy, and no student who applied was turned away. It is natural that a predominantly African American parish will have predominantly African American schools. This is evidenced by the three other existing schools in the parish that are over 90 percent African American. Indeed, the School Board admits that "circumstances beyond its control have contributed to the racial make-up of the [three existing] schools." Greater Grace merely echoes this reality, asserting that it "does not have the ability

4

to modify its own admissions policy to create a more diverse student body."

Nor is the Court persuaded that authorizing Greater Grace will derail the Department of Justice and the School Board's efforts to diversify the parish's schools. This record reflects that any such efforts have been nominal at best, as evidenced by the current 50-year litigation. When the DOJ and the School Board undertake meaningful efforts to effect change, they will simply have to include Greater Grace in their discussions. Meanwhile, the Court will not punish the students who wish to attend a new, and potentially better school.

Finally, the Court notes that, as a condition for authorization to operate, the Court has required Greater Grace to continue attempts to attract a more diverse student body each academic year. In light of the present circumstances, this requirement satisfies compliance with the desegregation order.

Accordingly, after consideration of the entire record and the exigent circumstances presented, IT IS ORDERED that Greater Grace Charter Academy's motion for authorization to operate is GRANTED consistent with this Court's order dated August 3, 2016.

New Orleans, Louisiana, August 4, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE