IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIE BANKS, *et al.*,<br><br>        Plaintiffs,<br><br>UNITED STATES OF AMERICA,<br><br>        Plaintiff-Intervenor,<br><br>v.<br><br>ST. JAMES PARISH SCHOOL BOARD, *et al.*,<br>        Defendants. | Civil Action No. 2:65-cv-16173<br><br>SECTION F<br><br>MARTIN L.C. FELDMAN |

**ORDER**

Before the Court is the Joint Motion of Plaintiffs Kathleen Davis, Rhoda P. Johnson and Miyoka N. Johnson, Plaintiff-Intervenor United States of America, Defendant St. James Parish School Board (the "Board" or "District"), and Greater Grace Charter Academy, Inc. ("Greater Grace") (collectively "the Parties") to join Greater Grace as a necessary third party defendant to this case subject to certain conditions designed to further the desegregation of public schools in St. James Parish. Having reviewed the terms of the Joint Motion and Proposed Order, the Court has determined that Greater Grace is a necessary third party defendant to this school desegregation case and that it should be subject to the conditions set forth below to further the desegregation of public schools in St. James Parish. Accordingly:

IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. Greater Grace shall be joined to this action pursuant to Rule 19 of the Federal Rules of Civil Procedure as a necessary third party defendant because in its absence this Court cannot afford complete relief in this school desegregation case. Fed. R. Civ. Pro. 19(a)(1)(A). Therefore, the Court need not determine whether Greater Grace has standing for purposes of its motion to

intervene. *See Banks v. St. James Par. Sch. Bd.*, No. 16-31052, __ F. App'x. __, 2018 WL 6584305, at *5 (5th Cir. Dec. 12, 2018); *accord Smith v. Sch. Bd. of Concordia Par.*, 906 F.3d 327, 334 n.4 (5th Cir. 2018).

2.  Greater Grace shall comply with any and all orders in this case and shall take no action intended to or that will directly impede the Board's ability to fulfill its obligations to comply with the orders in this case and federal desegregation law.

3.  Greater Grace will recruit students to develop a more racially integrated student body, including without limitation outreach events within the white community, such as advertisements and other forms of publicity that inform white students and parents about the existence of the school and provide them with enrollment opportunities. These efforts shall include, but are not limited to, targeted advertising in newspapers, radio, and other media and the use of direct mailings to reach white parents in St. James Parish and elsewhere. Greater Grace shall establish a Diversity Committee to conduct and analyze the success of this outreach. The Diversity Committee shall meet at least four times a year.

4.  Greater Grace will ensure that it affords both Black and white community members the opportunity to serve on Greater Grace's Board of Directors and its Diversity Committee in a similar manner. Efforts by Greater Grace to recruit white community members to its Board of Directors and its Diversity Committee shall be documented, and such documentation shall be subject to review by representatives of Plaintiffs, Plaintiff-intervenors, and Defendant School Board upon reasonable notice.

5.  Greater Grace will implement its academic programming effectively to ensure that the quality of education provided to its students meets those standards required of charter schools by the Louisiana Board of Elementary and Secondary Education ("BESE").

6. Greater Grace shall undertake efforts to recruit and enroll a student body reflective of the racial demographics of the District's student population for the grades Greater Grace serves. If any of the October reports (described below) show that the percentage of white student enrollment at Greater Grace is 15% or more below the comparable white student enrollment percentage in the District (or if the percentage of Black student enrollment at Greater Grace is 15% or more above the Black student enrollment percentage in the District), Greater Grace shall analyze the causes of this low white (or high Black) student enrollment percentage and propose specific steps to increase white (or decrease Black) student enrollment percentage. Greater Grace shall submit this analysis and its proposal to increase white (or decrease Black) student enrollment percentage to the Court and the other parties by the subsequent February 15 report.

7. Greater Grace shall use a non-discriminatory hiring policy and make reasonable and good faith efforts to recruit a racially diverse faculty and staff. Greater Grace shall retain documentation of all efforts made to recruit a racially diverse faculty and staff and shall retain all employment applications received by it and all records of action taken by it following receipt of such applications. Greater Grace shall allow the other parties, upon reasonable notice, to receive or inspect such records.

8. Greater Grace shall retain all student applications, records of actions taken pursuant to this Order, and all information relevant to any other requirements of this Order. This shall include, but not be limited to, all records and files describing the advertising and publicizing of the school to potential students and their parents or guardians. Greater Grace shall allow the other parties, upon reasonable notice, to receive or inspect such records.

9. On October 15 and February 15 of each year, Greater Grace shall file a status report with the Court, and submit a copy to the other parties, with the following information about Greater Grace:

a. a brief narrative describing Greater Grace's efforts to comply with this Order since the last status report (or, in the case of the first status report, since this Order was entered), including copies of any policies, forms, advertising, hiring, academic programing and performance data, or other materials that demonstrate those efforts;

b. the total number and percentage of students enrolled at Greater Grace by race;

c. the number and percentage of students enrolled in each grade by race;

d. the identification number, grade of enrollment, race, and transferring school of each newly enrolled student;

e. the number of full-time teachers by race;

f. the number of part-time teachers by race;

g. the number and title of administrators by race;

h. the number of staff by race;

i. the name, title, and number of members of the Board of Directors and of the Diversity Committee by race;

j. the name, title, and race of the Greater Grace teachers and administrators who are hired from the District;

k. a detailed description of Greater Grace's student recruitment activities;

l. a listing of applications received from students since the last report showing the race, grade, parish of residence, and last school attended of each;

m. a listing of students accepted for enrollment since the last report showing the race, grade, parish of residence, and last school attended of each; and

n. a detailed description of Greater Grace's teacher and staff recruitment activities.

10. After filing the foregoing reporting through February 2022, Greater Grace may notify Plaintiffs, the United States, and the Board in writing that it believes it has achieved full and good

faith compliance with this Order. If the Plaintiff-Parties and the Board agree that Greater Grace has acted in good faith and achieved such compliance, the Parties shall jointly move the Court to dismiss Greater Grace from this case. If Plaintiffs, the United States, or the Board does not agree that Greater Grace is in compliance with this Order, Greater Grace may seek a scheduling order from this Court to determine whether Greater Grace has satisfied its obligations and if it should be dismissed from this case.

11. This Court shall retain jurisdiction over this case to ensure Greater Grace's compliance with this Order, regardless of whether the Board obtains partial unitary status on any particular *Green* factor. Should the Board achieve full unitary status on all *Green* factors, Greater Grace shall be entitled to move this Court for an Order releasing it from its obligations under this order.

12. Plaintiffs, the United States, and the Board agree to notify Greater Grace of any alleged noncompliance with this Order in writing and to seek to resolve the issue through good faith negotiations with Greater Grace for up to sixty (60) days prior to pursuing any enforcement action in this Court.

13. In the event that the current charter is materially changed through creation of or change in corporate partnership, assignment of charter contract, or addition of or changes in management organization, as those terms are defined in Louisiana Bulletin 126, Greater Grace shall notify the Court and the Parties of such change and the new charter holder shall be required to comply with all obligations placed on Greater Grace herein.

**SO ORDERED, ADJUDGED AND DECREED**, this  8th  day of      May      , 2019.

_____
UNITED STATES DISTRICT COURT JUDGE