UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIE BANKS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 65-16173 |
| ST. JAMES PARISH SCHOOL BOARD, ET AL. | * | SECTION "P" (2) |

**ORDER AND REASONS**

Before me is Plaintiffs' *Ex Parte* Motion for Leave to File under Seal (ECF No. 360) their unredacted Motion for Status Conference (ECF No. 360-3), Supporting Memorandum (ECF No. 360-4), and Exhibit A (ECF No. 360-5). Plaintiffs seek to seal the unredacted versions of these documents because same contain "sensitive personal identifying information for some students involved in alleged race-based discrimination." ECF No. 360 at 1. Plaintiffs assert that the information at issue is protected from disclosure under the operative protective order in this matter (ECF No. 184), the Family Educational Rights and Privacy Act ("FERPA"), and other state and federal laws. ECF No. 360-1 at 1.

## I.   APPLICABLE LAW

The operative Protective Order in this matter provides:

> In the event that a Receiving Party seeks to use "Personally Identifiable Information," "Education Records," or "Employee Records" during any hearing or trial before the Court, including through argument or the presentation of evidence, such information shall not lose its status as "Personally Identifiable Information," "Education Records," or "Employee Record" through such use. Counsel shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings.

ECF No. 184 ¶ 7. The Order adopts the definition of "Personally Identifiable Information" as set forth in FERPA, 20 U.S.C. § 1232g; 34 C.F.R. Part 99:

Personally Identifiable Information

1

The term includes, but is not limited to—

(a) The student's name;

(b) The name of the student's parent or other family members;

(c) The address of the student or student's family;

(d) A personal identifier, such as the student's social security number, student number, or biometric record;

(e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;

(f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or

(g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

34 C.F.R. Part 99. Under the Protective Order, "Receiving Part[ies]" are "parties to this action and any non-parties receiving 'Personally Identifiable Information,' 'Education Records,' or 'Employee Records' in connection with this Litigation." ECF No. 184 ¶ 2(d). The Protective Order further provides:

9. Filing of Confidential Information.

a. A Receiving Party who seeks to file with the Court any document that contains "Personally Identifiable Information," "Education Records," or an "Employee Record," and any pleading, brief, or memorandum that discloses "Personally Identifiable Information," "Education Records," or an "Employee Record" shall file that material under seal.

The Protective Order must, of course, be interpreted and applied in the context of Fifth Circuit precent, which provides that the sealing of judicial records is the exception rather than the norm, and courts must be ungenerous with their discretion to seal judicial records.[1] Although there

---

[1] *Binh Hoa Le v. Exeter Fin. Corp.,* 990 F.3d 410, 417-19 (5th Cir. 2021*)* (citations omitted); *June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022).

is a presumption of public access to judicial records, courts have recognized that this access is not absolute.[2] In considering whether a document filed in the court record should be sealed, courts must conduct a document-by-document, line-by-line balancing of the public's common law right of access against the interest favoring nondisclosure.[3]

## II.    ANALYSIS

Plaintiffs seek to seal three unredacted documents: (1) their Motion for Status Conference,[4] (2) the Memorandum in Support of same,[5] and (3) Exhibit A to the Motion.[6]  Plaintiffs request a status conference to discuss Defendants' purported failure to provide complete student discipline and faculty report data as required by the 2023 Consent Decree in this matter.  ECF No. 360-3 ¶ 5. Plaintiffs indicate that they learned about an incident involving a student in Defendants' school district from a published letter, which is contained in a 31-page publication Plaintiffs attached to their Motion for Status Conference, and Plaintiffs seek to seal the newspaper article *in its entirety*. A review of the Exhibit reflects that it is a copy of the June 6, 2024, Volume 86, Number 37 issue of News Examiner – Enterprise, "The Newspaper for St. James Parish" and Spring 2024, Volume 7, Number 1 issue of St. James, a publication occasionally inserted into the News Examiner.  ECF No. 360-5.  Plaintiffs seek to seal the entire exhibit without specifying any particular section of the

---

[2] *See, e.g., S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)); North Cypress Medical Center Operating Co., Ltd. v. Cigna Healthcare, 781 F.3d 182, 203-04 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information) (citations omitted); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in [that] particular information") (citations omitted); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.,* No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).
[3] *See I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.,* 82 F.4th  402, 410 (5th Cir. 2023) (citations omitted); *June Medical Services,* 22 F.4th at 519–20; *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).
[4] ECF No. 360-3.
[5] ECF No. 360-4.
[6] ECF No. 360-5.

newspaper or insert. It appears that the privacy concern stems from the Letter to the Editor on page two of the issue, which contains a letter from a parent of a student in the school district.

Although the Code of Federal Regulations defines "Personally Identifiable Information" for purposes of FERPA to include the name of a student's parents or other family members, the Act serves to protect information contained within school records, not information published in a broadly available newspaper. Moreover, the Plaintiffs do not qualify as the recipients of "Personally Identifiable Information" in this litigation under the Protective Order as they received the information via a widely available publication, not through a document production in this litigation. The parent who authored the "Letter to the Editor" publicized the information about his child's school experience in the newspaper. The information contained in this public disclosure cannot be "sealed" at this point. Accordingly, Plaintiffs' motion to seal must be denied as to the newspaper publication labeled as "Exhibit A."

As to the Motion for Status Conference itself, Plaintiffs seek to redact paragraphs 8-9. It appears that, after reviewing the newspaper article, Plaintiffs conducted an investigation into the incident described. The information in paragraphs 8-9 appears to come from the public newspaper article, not Plaintiffs' investigation in this litigation. As such, that information does not constitute Personally Identifiable Information, and it should not be sealed.

Finally, Plaintiffs seek to redact certain portions of their Memorandum in Support of the Motion for Status Conference. In accordance with the above findings, the proposed redactions pertaining to the newspaper publication are not appropriately sealed.[7] The other proposed redaction, however, involves a complaint from a parent at a specific school and provides detail about a particular student's experience.[8] That information was not contained in a public newspaper

---

[7] Specifically, the proposed redactions on page 3-4 and the first proposed redaction on page 5.
[8] *See* ECF No. 360-4, final paragraph on page 5.

4

but rather, obtained in connection with this ligation. As such, it constitutes "[o]ther information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty,"[9] Redaction of this information is proper under FERPA.

### III. CONCLUSION

Accordingly, considering the record, the submission and argument of counsel, and the applicable law, and for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion to Seal (ECF No. 360) is GRANTED IN PART AND DENIED IN PART. Plaintiffs must adjust the redactions to the Motion to Seal (ECF No. 360-3) and Supporting Memorandum (ECF No. 360-4) within 14 days, absent any appeal of this Order. As to Exhibit A (ECF No. 360-5), Plaintiffs are reminded of Local Rule 5.6(G)'s 7-day deadline within which to file a motion to remove a document from the record after a Motion to Seal is denied.

New Orleans, Louisiana, this ___31st___ day of July, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[9] 34 C.F.R. Part 99, "Personally Identifiable Information," ¶ (f).