UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIE BANKS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 65-16173 |
| ST. JAMES PARISH SCHOOL BOARD, ET AL. | * | SECTION "P" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiffs' Motion for a Status Conference (ECF No. 363) to discuss Defendant St. James Parish School Board's alleged failure to engage in informal discovery.  St. James Parish School Board timely filed an Opposition Memorandum (ECF No. 365) and Plaintiffs filed a Reply Memorandum (ECF No. 366). No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion for a Status Conference  (ECF No. 363) is DENIED for the reasons stated herein.

## I.     BACKGROUND

The original plaintiffs initiated this school desegregation case on December 15, 1965.  *See* ECF No. 1.  In 1967, the court entered a desegregation decree consistent with *United States v. Jefferson City Board of Education*., 380 F.2d 385 (5th Cir. 1967) (en banc).  On January 30, 2017, the court entered a Consent Order adopting the parties' agreed resolution outlining the School Board's requirements for achieving full unitary status in the areas of student assignment (including the administration of student discipline), faculty assignment, staff assignment, facilities and extracurricular activities, and transportation.  ECF No. 128.

Consistent with *Freeman v. Pitts*, 503 U.S. 467, 491 (1992), on July 17, 2017, the court declared the School Board in unitary status with regard to extracurricular activities and terminated supervision with regard to extracurricular activities and transportation, which had previously been declared unitary.  ECF No. 132.

On August 15, 2020, the School Board moved for a declaration of unitary status in the areas of faculty and staff assignments, student assignment, and facilities.  ECF No. 153.  In connection with that motion, the court authorized certain discovery related to the issues raised.  ECF No. 171.  The School Board later sought a declaration of unitary status and dismissal with regard to discipline.  ECF No. 179.  In accordance with Judge Feldman's July 27, 2021 Order compelling the parties to submit a proposed scheduling order, the Clerk of Court designated both motions for unitary status as withdrawn.  *See* ECF No. 214.  After the Court entered the parties' Joint Motion for Scheduling Order in 2021 (ECF No. 216), the parties jointly moved to extend the discovery deadline, which request Judge Vance granted on December 6, 2022.  ECF Nos. 230-31.  On March 21, 2023, the parties again requested a continuance of the discovery deadline, which Judge Vance granted in part.  ECF Nos. 244, 247.  The discovery deadline was continued again to April 21, 2023.  ECF No. 262.

On May 1, 2023, the School Board filed a Motion for Unitary Status in Student Assignment, which motion is still pending.  ECF No. 268.  Plaintiffs later filed two Motions for Further Relief (ECF Nos. 273, 296), both of which are currently pending before Judge Papillion.

## II.   <u>The Motion for Status Conference</u>

Plaintiffs now request a status conference with the undersigned magistrate judge to discuss the School Board's purported failure to timely provide complete and accurate data in the reports mandated by the 2023 Order.  ECF No. 363.  Despite Defendant's indication that it would provide

additional information and the parties' recent meet and confer, "the parties remain at an impasse with regard to all of Plaintiffs' outstanding requests." *Id*. at 2-4.  Plaintiffs thus request a status conference to discuss "the scope of Defendant's obligations to provide informal discovery and accurate reporting moving forward." *Id*. at 5.

In Opposition, St. James Parish School Board argues that a status conference is not appropriate at this time and urges the court to decline Plaintiffs' request to gather information and conduct investigations beyond the scope of the Court's Orders.  ECF No. 365.  The School Board requests an opportunity to confer with Plaintiffs to determine the likelihood of Plaintiffs' consent to unitary status in faculty assignment or, alternatively, to negotiate a scheduling order rather than engage in a premature status conference.  *Id*. at 5-6.  The Board notes that Plaintiffs seek to investigate certain issues involving special education classes, but it contends they have no authority to investigate those concerns as the effective Orders do not cover special education or disability concerns.  *Id*. at 7-8.  The Board also complains generally about Plaintiffs' pattern of issuing "informal information requests" beyond the scope of the Court's Orders.  *Id*. at 8-10.

In Reply, Plaintiffs state that the parties disagree about (1) Plaintiffs' ability to request informal discovery to monitor the District's compliance with multiple *Green* factors still at issue in this litigation and (2) whether complaints from members of the plaintiff class about discrimination in special education is relevant to the *Green* factors and Defendant's obligations. ECF No. 366.  Plaintiffs argue that a scheduling order setting deadlines for formal discovery regarding any potential motion for unitary status would not resolve the dispute.  *Id*. at 2.

## III.   APPLICABLE LAW AND ANALYSIS

The discovery deadline in this matter elapsed on April 21, 2023.  Although the parties anticipate filing a motion to enter another scheduling order, which will include discovery

parameters as to faculty assignment information specifically, no such motion has been filed at this time.  Without a discovery protocol in place, this Court cannot compel production of discovery, whether formal or informal, at this time.  *See* ECF No. 262.  To the extent Plaintiffs seek to enforce the 2017 Consent Order, as modified in 2021 and 2023, a request for status conference before the undersigned magistrate judge is not the avenue by which to do so.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Status Conference (ECF No. 363) is DENIED.

New Orleans, Louisiana, this ____21st____ day of August, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE