UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIE BANKS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 65-16173 |
| ST. JAMES PARISH SCHOOL BOARD, ET AL. | * | SECTION "P" (2) |

### ORDER AND REASONS

Pending before me is Plaintiffs Miyoka Johnson and Rhoda Johnson's *Ex Parte* Motion for Leave to File Under Seal pursuant to Local Rule 5.6. ECF No. 447. They request leave to file under seal deposition excerpts of St. James Parish School District employees marked Exhibits A and C, which are cited in their Opposition Memorandum. *Id.* at 1; ECF No. 447-2 (Exhibit A); No. 447-3 (Exhibit C); *see* ECF No. 442 (Defendant's Motion); No. 448 (Plaintiff's Opposition). Plaintiffs contend that the excerpts contain "personally identifiable information" of the district's "faculty or staff members" protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and governed by this Court's Protective Order adopting FERPA's definition of "Personally Identifiable Information." ECF No. 447 at 1; No. 184 at 1.

Having considered the record, the submissions and argument of counsel, and the applicable law, the Motion is **GRANTED IN PART AND DENIED IN PART** for the reasons stated herein.

### I.    APPLICABLE LAW

There is a presumption in favor of access to judicial records,[1] and the standard for placing a document under seal is different from that governing whether unfiled discovery should be kept confidential.[2] Because the sealing of judicial records is the exception rather than the norm, the

---

[1] *8fig, Inc. v. Stepup Funny, L.L.C.*, 135 F.4th 285, 293 (5th Cir. 2025).
[2] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021); Local Rule 5.6.

court must be "ungenerous" with its discretion to seal judicial records.[3]   Before sealing a document, the court must assess governing case law and determine that sealing is necessary.  "To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[4]   Sealings "must be explained at 'a level of detail that will allow for [appellate] review.' And a court abuses its discretion if it makes no mention of the presumption in favor of the public's access to judicial records and fails to 'articulate any reasons that would support sealing."[5]

While there is a presumption of public access to judicial records, courts have recognized that this access is not absolute.[6]   In certain cases, litigants may have good reasons to file documents under seal.[7]   For instance, courts have found compelling interests in secrecy when a case involves a minor, protected banking or financial information, trade secrets, and national security matters.[8]   Courts also recognize the strong interest in keeping personal financial records from public view, particularly when the information is that of a non-party individual.[9]

The party seeking to overcome the presumption of public access bears the burden to show that its privacy interests outweigh the presumption, and the court should construe any doubt in

---

[3] *Binh Hoa Le,* 990 F.3d at 418 (citations omitted); *see June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022).

[4] *June Med. Servs.*, 22 F.4th at 521 (citation modified).

[5] *Binh Hoa Le*, 990 F.3d at 419 (citations modified); *accord. United States v. Ahsani*, 76 F.4th 441, 452 (5th Cir. 2023) (citations omitted).

[6] *See, e.g., S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)); *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information (citations omitted)); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in [that] particular information" (citations omitted)); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).

[7] *Binh Hoa Le*, 990 F.3d at 419.

[8] *Doe v. Crawford*, 702 F. Supp. 3d 509, 513 (S.D. Miss. 2023) (citations omitted).

[9] *St. Charles-Guillot Inv., LLC v. One Source Roofing, Inc.*, No. 23-30, 2024 WL 5440833, at *2 (E.D. La. Oct. 21, 2024) (Long, J.) (citations omitted).

2

favor of disclosure.[10]  The party "must explain in particularity the necessity for sealing[.]"[11]  This requires the movant to not only point to specific confidential information contained in the document, but also show the specific harm that would be suffered if the public were granted access to this document.[12]

## II.   ANALYSIS

Plaintiffs have not met their burden to overcome the presumption of public access.  Rather than point to "portions" of Exhibits A and C that should be sealed as required by Local Rule 5.6(D)(1)(a), Plaintiffs request wholesale sealing of the exhibits.  Yet Local Rule 5.6(A) explicitly requires a party seeking to file a document under seal to explore all reasonable alternatives to filing a document entirely under seal, "including a line-by-line analysis of the documents or other tangible item (including documents marked confidential under a protective order) to redact only the truly sensitive information rather than simply seeking to file the entire document or other item under seal."  This is because "appropriate redaction rather than sealing [a document in its entirety] is the preferred means of achieving privacy balanced with the public's right of access."[13]  And while "judges, not litigants," are responsible for undertaking the document-by-document, line-by-line balancing analysis,[14] parties requesting sealing are still responsible for meeting their burden.[15] So when parties, like Plaintiffs, do not conduct their own document-by-document, line-by-line

---

[10] *Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007) (Vance, J.) (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); *Marcus v. St. Tammany Par. Sch. Bd.*, No. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997)).
[11] *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019).
[12] *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (Barbier, J.) (citing *N. Cypress*, 781 F.3d at 204; *Weiss*, 2007 WL 2377119, at *4).
[13] *United States v. Planned Parenthood Fed'n of Am.*, No. 21-22, 2023 WL 8116198, at *4 (N.D. Tex. Aug. 4, 2023) (citation modified) (second brackets added) (quoting *Trans Tool, LLC v. All State Gear Inc.*, No. 19-1304, 2022 WL 608945, at *9 (W.D. Tex. Mar. 1, 2022)).
[14] *Binh Hoa Le*, 990 F.3d at 419 (quoting *BP Expl. & Prod., Inc.*, 920 F.3d at 211).
[15] *See BP Expl. & Prod., Inc.*, 920 F.3d at 211.

analysis for the Court's review as Local Rule 5.6(A) requires, the Court has the discretion to summarily dismiss the request to seal.[16]

While the Court can surmise what lines of Exhibits A and C Plaintiffs consider to be personally identifiable information in light of the term's definition (the names of certain employees),[17] Plaintiffs have failed to explain the *specific* harm the district's employees would suffer if the information were made public.[18]  "[B]ald assertions" of harms to the employees' "privacy" are insufficient.  ECF No. 447 at 1 (second quote).[19]  Plaintiffs suggest the harm stems from the district's employees "privacy *rights*" under FERPA (*Id.* (emphasis added)), but FERPA is designed to regulate the release of student records,[20] not employee records.[21]

The deposition excerpts at issue do not qualify as education records and are not entitled to FERPA protections.  Nonetheless, the Court recognizes that other courts, after conducting the balancing analysis, have allowed redactions of non-parties' personally identifiable information, including names, in documents when that information is not relevant to the motion or case in

---

[16] *Trans Tool*, 2022 WL 608945, at *6.

[17] *See* 34 C.F.R. § 99.3.

[18] *See I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 411-12 (5th Cir. 2023) (holding Plaintiff's "unspecified and unsubstantiated privacy concerns do not amount to '*compelling* countervailing interests' sufficient to warrant nondisclosure of presumptively public judicial records." (quoting *Binh Hoa Le*, 990 F.3d at 421 (emphasis added))).

[19] *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019) (holding "bald assertion of competitive harm . . . insufficient" for sealing and noting appellant "was repeatedly unable to articulate a specific harm that would be caused by the disclosure of the documents").

[20] *Klein v. Indep. Sch. Dist. v. Mattox*, 830 F.2d 576, 579 (5th Cir. 1987).

[21] FERPA's "purpose is to ensure access to education[ ] records for students and parents and to protect the privacy of such records from the public at large."  *Daywalker v. Univ. of Tex. Med. Branch at Galveston*, No. 20-99, 2021 WL 4099827, at *2 (S.D. Tex. Sept. 9, 2021) (quoting *Student Press L. Ctr. v. Alexander*, 778 F. Supp. 1227, 1228 (D.D.C. 1991)), *aff'd sub nom.*, *Daywalker v. UTMB at Galveston*, No. 22-40813, 2024 WL 94297 (5th Cir. Jan. 19, 2024) (per curiam).  FERPA does not protect educational records, and thus the personally identifiable information therein, "relating to an individual who is employed by an educational . . . institution.  *Klein*, 830 F.2d at 579; *see also Ellis v. Cleveland Mun. Sch. Dist.*, 390 F. Supp. 2d 1019, 1022 (N.D. Ohio 2004) ("FERPA applies to the disclosure of student records, not teacher records. . . [I]t is . . . clear that Congress did not intend FERPA to cover records directly related to teachers and only tangentially related to students." (citing *Bauer v. Kincaid,* 759 F. Supp. 575, 591 (W.D. Mo. 1991) (noting that the function of FERPA is "to protect educationally related information.")).

general.[22]  Turning to Exhibit A (ECF No. 447-2), lines 99:15 and 100:12 and the name listed at the top of each page reflect the identities of the district's employees that are not parties to this case, and those names have not been used in Plaintiffs' Opposition nor Defendant's filings.  *See* ECF No. 442; No. 448; No. 451.  Likewise, Exhibit C (ECF No. 447-3), lines 80:20; 82:11, 15, 18, and 24; 85:15, 18, and 21; 89:2, 6, and 8; and 90:4 and 12 reflect the identities of the district's employees, and those names/initials have not been used in Plaintiffs' Opposition nor Defendant's filings.

The non-party employees' identities (reflected by the names/initials in  Exhibits A and C) appear irrelevant to the motion and the case in general, and thus the Court finds the non-party employees' privacy interest outweighs the public's interest in knowing their names.  Plaintiffs may refile Exhibit A and C, redacting only the names/initials in the specified lines.

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiffs Miyoka Johnson and  Rhoda Johnson's *Ex Parte* Motion for Leave to File Under Seal  (ECF No. 447) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs must submit redacted versions of Exhibits A and C consistent with this Court's opinion, which redacted versions will be filed in the court record with unredacted copies filed under seal. Plaintiffs are reminded of Local Rule 5.6(G)'s 7-day period within which to file a motion to withdraw any document submitted for filing under seal when the request is denied.

New Orleans, Louisiana, this _____16th_____ day of April, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[22] *See Carter v. Sw. Airlines Co.*, No. 17-2278, 2022 WL 283025, at *2-4 (N.D. Tex. Jan. 31, 2022); *Durham v. Ankura Consulting Grp., LLC*, No. 20-112, 2023 WL 3590693, at *6 & n.9 (S.D. Miss. May 22, 2023); *Wilprit v. Cap. One Bank USA, N.A.*, No. 22-452, 2024 WL 1048137, at *4 (N.D. Tex. Mar. 11, 2024).