**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIE BANKS ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 65-16173** |
| **ST. JAMES PARISH SCHOOL BOARD ET AL.** | **SECTION: "P" (2)** |

## ORDER AND REASONS

Before the Court is a motion to stay (R. Doc. 461) filed by Defendant St. James Parish School Board. The School Board seeks a stay of the Court's Interim Order (R. Doc. 394) denying the School Board's Unitary Status Motion (R. Doc. 268) and the Court's related Written Reasons (R. Doc. 429) which followed, as well as all further remedial proceedings related to student assignment pending appeal. For all the following reasons, the School Board's motion to stay is denied.

## I. BACKGROUND

The Court provided an extensive procedural history of this matter in its February 27, 2026 Written Reasons.[1] What follows is a brief account of events that have transpired from the Court's issuance of its Interim Order and related Written Reasons, and which are relevant to the School Board's Motion to Stay.

On September 29, 2025, the Court issued an Interim Order (the "Order") which, in relevant part, denied the School Board's Unitary Status Motion.[2] The Court indicated that written reasons

---

[1] R. Doc. 429 at 2–5.
[2] R. Doc. 394.

for the denial would follow separately.[3] On November 25, 2025, the School Board filed a notice of appeal regarding the denial of its Unitary Status Motion.[4] During the pendency of that appeal, the Court issued a notice stating it would publish written reasons for its Order on or before February 27, 2026.[5] In accordance with that notice, the Court published its written reasons on February 27, 2026.[6] The School Board filed another notice of appeal, relating to the Written Reasons, on April 14, 2026.[7] Then, on April 27, 2026, the School Board filed its Motion to Stay (R. Doc. 461) seeking to stay the Court's Order, Written Reasons, and all further remedial proceedings related to student assignment pending appeal.

## II. LEGAL STANDARD

"'A stay is not a matter of right, even if irreparable injury might otherwise result.' It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'"[8] The moving party "bears the burden of showing that the circumstances justify an exercise of that discretion."[9] In the exercise of this judicial discretion, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

---

[3] *Id.* at 4.
[4] R. Doc. 404.
[5] R. Doc. 420.
[6] R. Doc. 429.
[7] R. Doc. 449.
[8] *Nken v. Holder*, 556 U.S. 418, 433 (2009) (alteration in original) (citation omitted) (quoting *Va. Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)).
[9] *Id.* at 433–34 (first citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997); and then citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936))

proceeding; and (4) where the public interest lies."[10] The first two factors are the most critical to the Court's analysis.[11]

## III. ANALYSIS

In its Memorandum in Support of Motion to Stay,[12] the School Board does not argue the traditional factors governing the Court's discretion to issue a stay. Rather, the School Board proposes two grounds upon which it believes the Court may, or must, base the issuance of a stay in this case: (1) that "[t]he multiplicity of ongoing proceedings weigh in favor of staying the remedial proceedings";[13] and (2) that "the [School] Board's notice of appeal automatically stays all proceedings to modify the 2017 and 2021 Orders for so long as their dissolution is pending before the Fifth Circuit."[14] For the reasons that follow, neither of the grounds proposed by the School Board are legally sufficient to support the issuance of a stay.

### A. The School Board's filing of a notice of appeal does not automatically divest this Court of jurisdiction and does not stay the remedial proceedings on student assignment.

The Court begins with the School Board's second argument, namely that the School Board's filing of the notice of appeal automatically divested this Court of jurisdiction over, and stayed the remedial proceedings on, student assignment. Should the School Board be correct in this assertion, it follows logically then that no action on the part of the district court is necessary, and any pronouncement of a stay would amount to a mere tautological echo. Upon consideration of the law, however, the Court is unpersuaded by the School Board's argument.

---

[10] *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).
[11] *Id.*; *Moore v. Tangipahoa Par. Sch. Bd.*, CIVIL ACTION NO. 65-15556, 2016 WL 1076913 (E.D. La. Mar. 18, 2026).
[12] R. Doc. 461-1.
[13] *Id.* at 5.
[14] *Id.*

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[15] Importantly, however, the filing of a notice of appeal does not strip a district court of *all* jurisdiction.[16] "The district court maintains jurisdiction as to matters not involved in the appeal . . . . The district court maintains jurisdiction for other matters, such as ordering stays or modifying injunctive relief."[17]

The School Board argues that the Court must stay the remedial proceedings on student assignment because the Court lacks jurisdiction.[18] Plaintiffs respond that the Court retains the jurisdiction to issue remedial relief and enforce its orders while the appeal is pending.[19]

Here, the Court does not agree that *Griggs*[20] requires an automatic stay of the remedial proceedings on student assignment. The Court's Order and subsequent Written Reasons denying the School Board's motion for unitary status have been appealed.[21] The School Board is correct that the Court cannot modify its Order or its Written Reasons on student assignment in such a way as to alter the *status quo*. Yet, the Court is well within its powers to enforce its Order and related Written Reasons until such time as the Fifth Circuit may rule otherwise.[22] The Court may, and will, if necessary, enforce its Order and Written Reasons pursuant to which the Court required and

[15] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam).
[16] *Nairne v. Ardoin*, CIVIL ACTION 22-178, 2024 WL 1955989, at *2 (M.D. La. May 3, 2024).
[17] *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1145–46 (5th Cir. 1982) (first citing *Ex Parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156 (1906); then citing 16 *Wright & Miller's Federal Practice & Procedure* § 3949, at 359 (1977); and then citing Fed. R. App. P. 8(a)).
[18] R. Doc. 461-1 at 6.
[19] R. Doc. 464 at 8 (first citing *Alberti v. Klevenhagen*, 46 F.3d 1347, 1358–59 (5th Cir. 1995); and then citing *Plaquemines Par. Comm'n Council v. United States*, 416 F.2d 952, 954 (5th Cir. 1969)).
[20] *Griggs*, 459 U.S. 56.
[21] R. Doc. 404 (Notice of Appeal as to the Order); R. Doc. 449 (Notice of Appeal as to the Written Reasons).
[22] *Plaquemines Par. Comm'n Council*, 416 F.2d at 954 (first citing *United States v. Swift & Co.*, 286 U.S. 106 (1932); then citing *Brown v. Bd. Of Educ.*, 349 U.S. 294 (1955); and then citing *Green v. Sch. Bd. of New Kent Cnty.*, 391 U.S. 430 (1968)) ("Generally, a district court retains jurisdiction to enforce its prior orders, and this is particularly true with respect to desegregation cases."); *cf. Nairne*, 2024 WL 1955989, at *2, *4 (maintaining jurisdiction over remedial proceedings pending appeal).

will continue to require the parties meet and confer to propose next steps in the area of student assignment.[23]

**B. The School Board did not satisfy its burden to justify a stay pending appeal.**

The School Board appeals to the Court's "inherent case-management authority."[24] The Court is well-aware of how busy it is and how busy the parties are with respect to this action, and other matters; however, as discussed above, the Court's discretion in granting a stay is cabined by certain legal principles.[25] Thus, the Court must analyze the arguments presented by the School Board against the four factors from *Nken*—"(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[26]

Here, conspicuously, the School Board made no showing that it is likely to succeed on the merits.[27] The School Board's Memorandum in Support of Motion to Stay actually contained no discussion of the grounds for its appeal, and why, according to the School Board, its appeal is likely to succeed on the merits. As the movant, the School Board has the burden to show why it is entitled to extraordinary relief in the form of a stay. Because the School Board did not make any showing that success is likely, it certainly follows that the School Board has failed to make a *strong* showing. This failure to show a likelihood of success on the merits may, in and of itself, be fatal to the School Board's Motion to Stay, but, the Court continues the analysis to determine if the

[23] *Nairne*, 2024 WL 1955989, at *4 (discussing *Plaquemines Par. Comm'n Council*, 416 F.2d 952, and stating "[*Plaquemines Par. Comm'n Council*] is persuasive in that this Court may set a scheduling conference to enforce its Order and ensure the parties remain active in implementing new maps during the appeal process").
[24] R. Doc. 461-1 at 5.
[25] *Nken v. Holder*, 556 U.S. 418, 434 (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005)).
[26] *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).
[27] *See* R. Doc. 461-1.

remaining factors weigh in favor of a stay to such a degree as to overcome the School Board's failure to establish this first factor.

Turning to the next factor, the School Board does not explicitly argue that it will be irreparably injured absent a stay. Even construing the School Board's discussion of the burdens associated with the multiplicity of proceedings as a claim of irreparable harm, the School Board still fails to persuade the Court. "An injury is 'irreparable' only if it cannot be undone through monetary remedies."[28] "'Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'"[29]

Since the School Board failed to meet its burden on the first two analytical factors—the critical factors—governing a federal district court's discretion, the task of showing a stay is warranted, based solely on the two remaining factors, becomes essentially insurmountable for the School Board.[30] Moreover, the issuance of the stay would likely substantially injure the Plaintiffs as the nonmovants. A stay would force the Plaintiffs to suffer the continuing constitutional violation caused by the School Board's failure to sufficiently satisfy its desegregation obligation.[31] And, lastly, the public interest surely weighs heavily in favor of expeditiously curing the evils of

---

[28] *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981) (first citing *Spiegel v. City of Houston*, 636 F.2d 997 (5th Cir. 1981); and then citing *Parks v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975)).

[29] *F.T.C. v. Standard Oil Co.*, 449 U.S. 232, 244 (1980) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)); *accord Reed v. Rhodes*, 549 F.2d 1050, 1052 (6th Cir. 1976) (citing *Swann v. Charlotte-Mecklenburg Bd. Of Educ.*, 399 U.S. 926 (1970)) ("In school desegregation cases, where the value of the constitutional rights to be protected far outweighs administrative costs that might be incurred in formulating a remedy, the lower court proceedings such as those contemplated here should continue.").

[30] *See United States v. Louisiana*, 815 F.Supp. 947, 953 (E.D. La. 1993) ("Without a substantial case on the merits, the state defendants' burden to demonstrate that the circumstances of this case warrant a stay is for all practical purposes insurmountable.").

[31] *See United States v. Lawrence Cnty. Sch. Dist.*, 799 F.2d 1031, 1044 (5th Cir. 1986) (quoting *Taylor v. Ouachita Par. Sch. Bd.*, 648 F.2d 959, 967–68 (5th Cir. 1981)); *see also United States v. Texas*, 523 F.Supp. 703, 729 (E.D. Tex. 1981) (quoting *Reed*, 549 F.2d at 1052) ("'[T]he value of the constitutional rights to be protected (in such circumstances) far outweighs administrative costs that might be incurred in formulating a remedy. . . .'").

segregation.[32] "Postponing relief in this case . . . will merely perpetuate the proven evils of past discrimination, to the detriment of all Americans."[33]

## IV. CONCLUSION

Accordingly, based upon a careful analysis of the appropriate legal standard, the School Board's motion to stay (R. Doc. 461) is **DENIED**.

New Orleans, Louisiana, this 28th day of August 2026.

DARREL JAMES PAPILLION
UNITED STATES DISTRICT JUDGE

[32] *Cf. United States v. Junction City Sch. Dist. No. 75*, Case No. 1:66-cv-1095, 2019 WL 1104179 (W.D. Ark. Mar. 8, 2019) (citing *Phelps-Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008), *overruled on other grounds*, *Phelps-Roper v. City of Manchester*, 697 F.3d 678 (8th Cir. 2012)) ("[T]he protection of constitutionally protected rights necessarily serves the public interest.").

[33] *United States v. Texas*, 523 F.Supp. at 734; *see also Dandridge v. Jefferson Par. Sch. Bd.*, 404 U.S. 1219, 1220 (1971) (Marshall, J., in chambers) (first citing *Alexander v. Holmes Cnty. Bd. of Educ.*, 396 U.S. 19 (1969) (per curiam); then citing *Carter v. W. Feliciana Par. Sch. Bd.*, 396 U.S. 226 (1969) (per curiam); and then citing *Keyes v. Sch. Dist. No. 1*, 396 U.S. 1215 (1969) (Brennan, J., in chambers)) ("This Court has repeatedly made clear beyond any possible doubt that, absent some extraordinary circumstances, delay in achieving desegregation will not be tolerated.").